■   In the Matter of JERRY H. (ANONYMOUS), Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of disposition of the Family Court, Queens County, dated April 21, 1975, which, upon a prior determination that appellant was a juvenile delinquent on the ground that he committed acts which, if done by an adult, would constitute certain crimes, committed him to a New York State Training School (Division for Youth, Title III). The appeal also brings up for review the said prior determination, dated February 21, 1975. Determination dated February 21, 1975, reversed, on the law, as to the finding that appellant committed an act which, if done by an adult, would constitute the crime of criminal possession of stolen property. Order of disposition dated April 21, 1975 affirmed. No costs are awarded. In our opinion, the totality of circumstances points to the logical conclusion that appellant was a participant in the crime of robbery. However, a person may not be convicted of both robbery and criminal possession of stolen property with respect to the same property. We have therefore reversed the finding of guilt as to the charge of criminal possession. Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■   In the Matter of TOMMY HUNTER, Petitioner, v LOUIS FRANK, as Police Commissioner of Nassau County, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commissioner, dated January 3, 1974, which, after a hearing, found petitioner guilty of certain specifications and dismissed him from his position as a custodial worker in the Police Department of Nassau County. Determination confirmed and proceeding dismissed on the merits, without costs. The determination was supported by substantial evidence. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.